UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


SUNQUEST PROPERTIES, INC.                                                              PLAINTIFFS
AND CARRIAGE HOUSE APARTMENTS PARTNERSHIP

V.                                                              CIVIL ACTION NO. 1:08cv687-LTS-RHW

NATIONWIDE PROPERTY AND CASUALTY COMPANY                        DEFENDANTS
AND JOHN DOES 1-5

## ORDER

On June 8, 2009, this Court [32] denied Plaintiffs' [28] Motion for Partial Summary Judgment to Compel Appraisal.  Plaintiffs have now filed a [34] Motion for New Trial and a [38] Motion for Appraisal of the Entire Loss arising from the Court's [32] order.

On August 4, this Court entered an [64] Order with one simple requirement: the parties were to confer and advise whether they agree on the amount of the total loss to the insured premises resulting from Hurricane Katrina, "without regard to the cause of the loss and without regard to whether such loss is covered under the subject insurance policy."  The parties have filed separate responses to the [64] Order: Defendant [76] treats the Court to nothing more than further posturing on the Plaintiffs' [34] [38] motions (the response and attachments total 306 pages), while Plaintiffs [78] simply advise "that the parties do not agree as to the amount of the total loss to the insured premises resulting from Hurricane Katrina.  See attached letter dated August 12, 2009."  The letter attached to the response is based on a percentage "of the *wind-related* loss figures" determined by Plaintiffs' expert, Lewis O'Leary.  (Emphasis supplied)

Therefore, needless to say, neither party has complied with the [64] order (although the Plaintiffs' brevity is appreciated), especially in light of the Court's [32] ruling addressing the permissible scope of any appraisal.  It is clear there is no agreement on the amount of the total loss; thus, the Court will now rule on the [34] [38] motions.

At the outset, the Court finds that Fed. R. Civ. P. 59 does not apply to Plaintiffs' request for relief.  There has been no trial or entry of judgment.  Even if Plaintiffs were proceeding under Fed. R. Civ. P. 60, there is no applicable reason to relieve Plaintiffs from the Court's [32] order denying their [28] motion for partial summary judgment.  Therefore, Plaintiffs' [34] motion under Rules 59 and 60 is not well taken.

Theoretically, appraisal should be self-enforcing or self-governing.  However, in light of its own experience, this Court deems questionable the comments in the case attached to Plaintiffs' [45] reply, *State Farm Lloyds v. Johnson*, ___ S.W.3d ___, 2009 WL 1900538 (Tex. 2009), that "[a]ppraisals require no attorneys, no lawsuits, no pleadings, no subpoenas, and no

hearings. It would be a rare case in which appraisal could not be completed with less time and expense than it would take to file motions contesting it." Slip op. at 5. The current record does not support this observation. In fact, Plaintiffs "believe that requiring the parties to re-request appraisal and reconvene in hopes of reaching some common ground is futile. This will only waste time; the parties will inevitably be before this Court again, disputing some issue of appraisal." Docket entry [37] at p. 2. That is why this Court takes with a grain of salt Plaintiffs' attempt to deny that they want the Court to structure the appraisal process.

Likewise, the Court disagrees with Defendant's assessment that it is clear in its insurance policy (which attempts to change the statute of limitations as to when an action may be brought) that an appraisal demand is synonymous with the term "legal action." In short, this Court still believes that, "[i]f done correctly, appraisal may benefit the ultimate resolution of this action," docket entry [32], and holds that a proper appraisal may be conducted as part of litigation.

While Defendant opposes Plaintiffs' [38] Motion for Appraisal of the Entire Loss, it has also informed Plaintiffs' counsel that it understands the Court may allow the relief and requests additional information concerning the "competent and impartial appraiser" (the policy language) selected by Plaintiffs (the aforementioned Lewis O'Leary). The Court expresses no opinion on whether Mr. O'Leary qualifies as an "impartial" appraiser, which may not be the same as a disinterested one. Of course, the same standard applies to the appraiser chosen by Defendant.

In light of the respective [76] [78] responses to this Court's most recent [64] order, it is obvious that the parties are not capable of proceeding on their own without direction from the Court, which relied in its [32] order on the principles established in *Munn v. National Fire Insurance Company of Hartford*, 115 So. 2d 54 (Miss. 1959), to limit the scope of appraisal to the amount of the loss, as opposed to a covered loss or an assessment of the cause of the damage. The Court is familiar with Mr. O'Leary and his usual method of appraisal, which takes into account causation. This case is in a different posture than *Kuehn v. State Farm Fire and Casualty Co.*, No. 1:08cv577, in which Mr. O'Leary served as Plaintiffs' appointed appraiser, because appraisal has yet to occur here for reasons outlined in the Court's [32] order and the parties in *Kuehn* allowed the appraisal to proceed outside the principles established in *Munn*. The appraisal in the instant case will be conducted under a different standard than was used in *Kuehn*. It should be understood that there will be no deviations.

The appraisal is also not limited to the items of damage identified in Defendant's damage estimates, and should include any additional scope of damage considered during the appraisal process. The Court understands that inspections have been made and photos taken of the hurricane damage to Plaintiffs' property. Plaintiffs are also bound by their recognition and acceptance of the premise that they are only entitled to the Actual Cash Value of this loss. Further, causation and/or coverage are not factors in the appraisal and shall not be considered in determining the total loss to the insured premises resulting from Hurricane Katrina. For example, the letter attached to [78] Plaintiffs' response using a calculation tied to "wind-related loss figures" is not acceptable.

In addition, until further order, the Court will not allow any discovery in connection with

the appraisal.  At this time, the parties shall merely select someone who they sponsor as a competent and impartial appraiser, and the two chosen appraisers will select an umpire.  If the appraisers cannot agree on an umpire, then the parties will request this Court to appoint one. Any challenge to the validity of the appraisal shall occur after it has taken place.

All parties are admonished that the appraisal shall not serve as a sideshow that merely protracts this litigation.  It is one thing for Defendant to accuse Plaintiffs of not submitting a damage estimate in good faith, but in light of the responses made to the Court's [64] order (neither of which complied with the Court's simple requirement), all counsel are expected to act in good faith in carrying out this Court's directives, and sanctions will be imposed if they do not.

Finally, the [42] Joint Motion to Amend Scheduling Order will be left to the sound discretion of the Magistrate Judge, but it should be understood that the appraisal allowed by the instant order shall in no way stay or otherwise unreasonably delay the disposition of this action.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [34] Motion for New Trial is **DENIED**;

Plaintiffs' [38] Motion for Appraisal of the Entire Loss is **GRANTED**.

**SO ORDERED** this the 18th day of August, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE