IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SUNQUEST PROPERTIES, INC. and
CARRIAGE HOUSE APARTMENTS PARTNERSHIP                    PLAINTIFFS

vs.                            CIVIL ACTION NO. 1:08-CV-687-LTS-RHW

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY and
JOHN DOES 1-5                                                          DEFENDANTS

**NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION AND INCPORATED [*SIC*] MEMORANDUM FOR LEAVE OF COURT TO FILE AFFIDAVIT OF LEWIS O'LEARY**

COMES NOW Defendant Nationwide Property & Casualty Insurance Company ("Nationwide"), and files this Response in Opposition to Plaintiffs Sunquest Properties, Inc. and Carriage House Apartments Partnership, Inc.'s ("Plaintiffs") Motion and Incporated [*sic*] Memorandum for Leave of Court to File Affidavit of Lewis O'Leary [Dkt. 196]. In support of this Response, Nationwide states as follows:

1.  The Court should deny Plaintiffs' motion, and strike Mr. O'Leary's affidavit, as procedurally improper. Neither Plaintiffs nor Mr. O'Leary himself offer any reason why they were unable to submit information from Mr. O'Leary responding to Nationwide's "serious accusations" until November 19, 2009, particularly since Nationwide raised Mr. O'Leary's unfitness in its initial Motion to Strike Lewis O'Leary as Plaintiffs' "Competent and Impartial" Appraiser & Memo. In Supp. [Dkts. 131 and 132] filed on October 22, 2009, nearly a month ago. Mr. O'Leary's letter to Plaintiffs' counsel, dated November 15, 2009, merely states that "[he] would have responded sooner that [*sic*] this and hope[s] that it is not too late to respond but, [he] was in Texas all week, dealing with other hurricane claims…." Nov. 19, 2009 Affidavit of

3052238.1/09446.31688

Lewis O'Leary, at 2. O'Leary offers no explanation why his other professional obligations prevented him from submitting the affidavit along with Plaintiffs' Opposition to Nationwide's Motion to Strike, which was filed on November 6, 2009 (*i.e.*, before Mr. O'Leary's week-long sojourn in Texas). Plaintiffs' motion and Mr. O'Leary's affidavit thus represents nothing more than an impermissible sur-reply, and on that ground alone they should be struck.

2. Putting aside the impropriety of Plaintiffs' and Mr. O'Leary's submission, the affidavit put before the Court has no bearing on Nationwide's arguments concerning Mr. O'Leary's unfitness to serve as an appraiser in connection with Plaintiffs' insurance claims. As Nationwide demonstrated, and as Plaintiffs failed to rebut, Mr. O'Leary cannot be said to be the "impartial" appraiser Plaintiffs' insurance policy requires, given his deep, strategic involvement in Plaintiffs' claims against Nationwide, first as a consultant, then as a litigation expert on causation and damages in the pending litigation.

3. Nothing in Mr. O'Leary's affidavit alters this conclusion. Mr. O'Leary does not say whether, in any of the appraisal proceedings he has identified, he was also serving as both a consultant and then testifying expert in related litigation. In other words, Mr. O'Leary's affidavit fails to explain whether the disqualifying grounds present in these cases were also present in the earlier proceedings he discusses, and, if they were present, whether the party opposite him in the appraisal objected to his participation.

4. Mr. O'Leary cites three Hurricane Ike claims involving Nationwide in which he has served as an appraiser purportedly without objection. *See* O'Leary Aff. at 2. Neither the first claim (attachment #1) – which is not even a Hurricane Ike claim at all, as evident from its May 10, 2007 "Loss Date" – nor the third claim involved litigation. The second claim *is* in litigation (*Templo Aposento Alto Assembly of God v. Nationwide Prop. & Cas. Ins. Co.*, No.

4:09-mc-005044 (S.D. Tex. Filed Oct. 27, 2009)), and Nationwide will be responding to those plaintiffs' motion to appoint an umpire, in which Nationwide will address, among other issues, Mr. O'Leary's fitness to proceed as Plaintiffs' appraiser. More significantly, however, Mr. O'Leary's affidavit is silent on whether those claims (or any of the other insurance claims he cites, *see* O'Leary Aff. at 2-3 and Attachment #2) involved the same long-term, partisan conduct on behalf of his client in which he has engaged in these cases. And, the very fact that Mr. O'Leary currently, or recently, has opposed Nationwide in a number of other appraisals itself detracts from his argument that he can be considered impartial in the proceedings here.[1]

5. Mr. O'Leary also resorts to citing hearsay statements from John Voelpel, but this, too, is unavailing. Mr. Voelpel fails to identify any particular instances where a carrier designated as its appraiser an "adjuster, contractor or engineer that aided them in putting a particular claim together," as Mr. O'Leary requested. Neither he, nor Mr. O'Leary, points to any instances where an insurer, such as Nationwide, appoints as an appraiser the same individual or company that is simultaneously serving as a litigation expert. And, Mr. Voelpel is silent on whether such appointments elicit objections from the opposite party to the appraisal, or how any such objections are resolved. In contrast, Nationwide's briefing in its Motion to Strike points to a number of instances where courts in various jurisdictions have deemed appraisers similarly situated to Mr. O'Leary to be biased, partial and unfit.

6. In sum, the mere fact that Mr. O'Leary or others of his ilk have participated in past appraisals unrelated to this case is not even probative, let alone dispositive, of whether he is

---

[1] O'Leary also identifies several appraisals in which he has participated along with Ernie Carpenter – Plaintiffs' lead umpire candidate. *See* O'Leary Aff. Attachment #2. While Mr. O'Leary tries to couch these past appraisals in favorable terms, it is evident that Carpenter has not ruled ***against*** O'Leary in any of their six prior appraisals together. If this was intended to provide Nationwide and the Court comfort that Carpenter is an appropriately neutral umpire candidate, it is unsuccessful.

fit to serve as an "impartial" appraiser here, given the factual circumstances and legal authorities Nationwide has identified which mandate the conclusion that Mr. O'Leary should be precluded from the appraisal ordered by this Court.

7. Due to the nature of this Response, in which all pertinent legal authorities have been set forth fully herein, Nationwide respectfully requests that the Court waive its usual requirement of a separate memorandum of authorities under Uniform Local Rule 7.2(D).

WHEREFORE, PREMISES CONSIDERED, Nationwide requests that the Court deny Plaintiffs' Motion and Incporated [sic] Memorandum for Leave of Court to File Affidavit of Lewis O'Leary, and to strike Mr. O'Leary's improper affidavit.

THIS, the 21st day of November, 2009.

        Respectfully submitted,

        NATIONWIDE PROPERTY & CASUALTY
        INSURANCE COMPANY, DEFENDANT

        By Its Attorneys
        WATKINS LUDLAM WINTER & STENNIS, P.A.

By:   */s/ Laura L. Hill*
      LAURA L. HILL
      lhill@watkinsludlam.com

-5-

H. Mitchell Cowan (MSB No.7734)
Laura Limerick Gibbes (MSB No. 8905)
F. Hall Bailey (MSB No. 1688)
Janet D. McMurtray (MSB No. 2774)
Christopher R. Shaw (MSB No. 100393)
Laura L. Hill (MSB No. 102247)
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, MS 39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804

Of Counsel:
Daniel F. Attridge, P.C. (Bar No. 44644)
Christian D.H. Schultz (Bar No. 44747)
Kate S. O'Scannlain (Bar No. 45034)
Robert B. Gilmore (Bar No. 44997)
Kenneth S. Clark (Bar No. 44718)
Dana E. Hill (Bar No. 45114)
Jeffrey A. Todd (Bar No. 45916)
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Suite 1200
Washington, DC 20005
Tel: (202) 879-5000
Fax: (202) 879-5200

## **CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing using the Court's ECF system, which sent electronic notification of such filing to:

>   Nathan M. Gaudet
>   Matthew K. Brown
>   SULLIVAN, STOLIER AND RESOR, APLC
>   909 Poydras Street, Suite 2600
>   New Orleans , LA 70112
>   504/561-1044
>   Fax: 504/561-8606
>   ngaudet@ssrlawfirm.com
>   mbrown@ssrlawfirm.com

This the 21st day of November, 2009.

>   By:   */s/ Laura L. Hill*
>         LAURA L. HILL
>         lhill@watkinsludlam.com