**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SUNQUEST PROPERTIES, INC.  and
CARRIAGE HOUSE APARTMENTS PARTNERSHIP
        PLAINTIFFS**

  **VS                                    CIVIL ACTION NO. 1:08-CV-687-LTS-RHW**

**NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY; NATIONWIDE MUTUAL
INSURANCE COMPANY; NATIONWIDE MUTUAL
FIRE INSURANCE COMPANY; and
JOHN DOES 1-5
        DEFENDANTS**


<u>**SURREBUTTAL TO MOTION TO COMPEL DISCOVERY RESPONSES**</u>

MAY IT PLEASE THE COURT:

        Plaintiffs, Sunquest Properties, Inc. and Carriage House Apartments Partnership

(hereinafter collectively "Insureds") respectfully submit this surrebuttal to Nationwide

Property and Casualty Insurance Company's ("Nationwide") Rebuttal in Support of

Nationwide's Motion to Compel Discoveries to correct Nationwide's misstatements.  To

the best of Insureds' knowledge, Insureds have at this point produced all documents

responsive to Nationwide's request.

        Once again, Nationwide over-complicates the problem and the solution, filing a

memorandum which only reveals Nationwide's true agenda – to delay appraisal of this

matter as long as possible and ignore the terms of its own contract.  Nationwide now

seeks to re-open many depositions in this matter.  Undoubtedly, Nationwide will request

video depositions, when a video is not necessary, and travel to a variety of states.

However, Nationwide's Rebuttal does nothing to support its own claims; the

memorandum is rife with misstatements and misleading information, and the harsh remedies suggested by Nationwide are neither supportable nor necessary.

First, Nationwide would have this Court believe that Insureds have produced 500 pages of documents responsive to Nationwide's requests prior to the most recent production. This is false. Prior to the computer disk most recently received by Nationwide, Insureds have produced over 1150 Bates-numbered pages of documents, not including other documents forwarded on other computer disks. Nationwide now claims that the 1000 plus pages of production "is double the amount of documents produced by Plaintiffs throughout the course of discovery." Obviously, this is not true, and Insureds have worked hard to fulfill their discovery obligations.

Nationwide now also seems to argue that Insureds must produce more documentation where none exists. Insureds production has been properly marked and even organized by date on the most recent disk. Further, Insureds have produced all documents known to be in their existence.

Nationwide makes much of the "extraordinary lengths" to which it went to obtain records in advance of depositions. However, Nationwide's own document production has been less than ideal. Nationwide has forwarded Insureds boxes of documents. Documents have often not been in any discernable order, with some incomplete and cut off, and some completely unrelated to this litigation. Upon Nationwide's realization that privileged information had accidentally been disclosed, counsel for Nationwide forwarded to Insureds a disk with exactly the same documents as were produced in paper form. Nationwide had this disk, but instead chose to flood Insureds with huge amounts of paper. Further, as indicated in a separate memorandum, Nationwide withheld a

reference activity log linking photographs to each particular claim filed until the Friday afternoon before the Monday discovery cut off.

Next, Nationwide complains that the most recent production includes "letters which reference enclosures yet do not include the attachment with the production." Nationwide then gives several examples. However, these examples show the converse of what Nationwide claims.

Bates-number CH001454 is the cover sheet of a fax from Sarah Bragg to Brockman Enterprises. The cover sheet references Ms. Bragg's agreement to act as realtor. No property is referenced. This contract is not relevant, but Insureds produced it regardless. Insureds would encourage Nationwide to properly review its documents before filing needless memoranda. The cover sheet Bates-numbered CH001454 is page one of six, as indicated in the upper right corner. Bates-numbered page CH001445 is page four of the referenced fax, CH001446 is page five, CH001447 is page six, CH001448 is page two, and CH001449 is page three. Undersigned admits that these pages are out of order but submits that this is hardly a reason for the drastic measures suggested by Nationwide.

Bates-number CH001455 is a letter from Ralph Brockman to Ms. Bragg referencing an offer on the property that was never accepted. That letter says "We have forwarded the offer to the investors and the mortgage company and are awaiting a response." The bottom of the letter references "Enclosures." The enclosures were simply mailed with the original letter, and a copy of the letter was maintained by Insureds. The lower than "as is" offer which was the enclosure was not maintained by Insureds because it was completely unimportant. Insureds needed only a record of the

transmission.

Bates-number CH001456 is the first of a two page e-mail thread between a prospective purchaser and Ms. Bragg. The attachment line references "text_html.html," "image001.jpg," and "21902.pdf." "HTML" means "hyper-text mark-up language." When preceded by "text" indicates a Microsoft Word to html conversion. This most likely represents the text of the e-mail chain itself in the sender's or receiver's e-mail program. "Image001.jpg" is found at CH001458, and "21902.pdf," the offer referenced in the e-mails, is found at CH001459-1460.

Bates-number 1671 references two documents that end with ".eml." These are Microsoft Office Outlook e-mails. Ms. Tillie Galan Borchers of LNR Partners, Inc. asks Mr. Brockman to "review the attached letters and return them to our attention." Mr. Brockman apparently did just that, and the letters are no longer in Insureds' records. Insureds do not know if LNR Partners, Inc. produced these documents, but LNR is the appropriate entity to ask.

Bates-numbered CH001732 is a March 17, 2006 e-mail from Mr. John B. Landry to the Brockmans. Attached to the e-mail is "LNR Consent to Property Condition Report Release.pdf." CH001733 is a March 20, 2006 letter from Mr. Landry to LNR Partners, Inc. which actually transmits the LNR Consent to Property Condition Report Release. CH001734-1737 is the actual Consent to Property Condition Report Release, referenced in the March 17, 2006 e-mail.

Nationwide next exclaims its disbelief that Insureds do not have property tax documentation. These have not been located, but Insureds maintained a spreadsheet with 2005 property tax information. Insureds cannot provide Nationwide with documents that

do not exist.  In addition to the property tax information, Nationwide seeks pre-storm photographs of the property.  Nationwide references a November 25, 2009 letter in which Insureds allegedly claimed "that they did not maintain…a single pre-storm photo of their property."  Again, Nationwide is not correctly stating the facts.  Bates-numbered documents CH002021-2182 contain pre-storm photographs of the property.  Insureds have been trying to locate *additional* photographs not connected to an old appraisal but have come up empty handed.  Additional photographs apparently do not exist.

Finally, Nationwide claims it is "prejudiced in its defense" because correspondence between the Ralph and Bill Brockman, Lewis O'Leary, Michael Fusco, Donna Bass, Susan Belk, Lisa Phillips, and Leah Solomon were in the most recently produced disk.  All of these people have been deposed, at great length.  Nationwide fails to point to a single reason why it has been prejudiced.  The mere fact that these correspondences were recently produced is not prejudice.  Pursuant to Federal Rule of Civil Procedure 37, Insureds should not be sanctioned because their delay in this case was harmless.

The Court has broad discretion to decide whether the lack of earlier notice of these documents is harmless.  *David v. Caterpillar, Inc.* 324 F.3d 851, 857 (7th Cir. 2003).  Sanctions for discovery abuses are proper upon finding of willfulness, bad faith, or fault on part of non-complying litigant.  *Melendez v. Illinois Bell Telephone Co.*, 79 F.3d 661, 670-671 (7th Cir. 1996).  The district court considering discovery sanctions should ordinarily consider degree of actual prejudice to defendant, amount of interference with judicial process, culpability of plaintiff, whether court warned plaintiff in advance

that dismissal of action would be likely sanction for noncompliance, and efficacy of lesser sanctions. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

Insureds' continued assurances that the information would be provided as soon as it was found and organized show that they have not been in bad faith. There is in fact no prejudice to Nationwide, and Nationwide has not asserted a reason why the lack of earlier notice of this information is prejudicial. Obviously, in the event this Court finds that a particular document recently produced requires a deposition to be re-opened, Insureds will fully comply. However, Nationwide's rebuttal fails to show any justification for the harsh penalties it suggests.

### Conclusion

Nationwide's rebuttal is false. All documents Insureds have located have been produced. Attachments have been produced when they have been found to exist, and were in fact included in the computer disk to Nationwide. Nationwide has not been prejudiced by this production, and has not even tried to show that it has been. Accordingly, Nationwide's request for an order compelling Insureds to produce complete responses and certify as to that production, reopening the depositions, and taxing Insureds with attorney's fees and costs should be denied.

Respectfully submitted,

_____/s/ *Nathan M. Gaudet*_____
Nathan M. Gaudet (MSB 102608)
Matthew K. Brown (LA BAR (18571), T.A.
*Sullivan, Stolier & Resor, APLC*
909 Poydras Street, Suite 2600
New Orleans, Louisiana 70112
ngaudet@ssrlawfirm.com

**Attorney for plaintiffs, Sunquest Properties, Inc.
& Carriage House Apartments Partnership**

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading has this date been electronically filed using the CM/EFC service which will notify counsel of record via electronic mail of this filing.

New Orleans, Louisiana, this 4th day of December, 2009.


_____/s/ *Nathan M. Gaudet*_____
Nathan M. Gaudet