IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SUNQUEST PROPERTIES, INC. and
CARRIAGE HOUSE APARTMENTS
PARTNERSHIP,                                                                                    PLAINTIFFS

v.                                                                    Civil Action No. 1:08-CV-687-LTS-RHW

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY
and JOHN DOES 1-5                                                                              DEFENDANTS

MOTION TO RECONSIDER ORDER DENYING
NATIONWIDE'S [131] MOTION TO STRIKE PLAINTIFFS' DESIGNATION
OF LEWIS O'LEARY AS THEIR APPRAISER

Defendant Nationwide Property and Casualty Insurance Company ("Nationwide") hereby moves this Court to reconsider its Memorandum Opinion and Order denying Nationwide's [131] Motion to Strike Lewis O'Leary as Plaintiffs' "Competent and Impartial" Appraiser. In support of its Motion to Reconsider, Nationwide respectfully states as follows:

1.      On December 11, 2009, this Court entered its Memorandum Opinion and Order denying Nationwide's [131] Motion to Strike Lewis O'Leary as Plaintiffs' "Competent and Impartial" Appraiser stating, in pertinent part, "***There is no evidence in the record to support a finding that O'Leary has any pecuniary interest in the outcome of the appraisal.***" *See* [215] Mem. Op. at 3 (emphasis added). Nationwide respectfully requests reconsideration of this Ruling in light of several pieces of **new evidence produced by Plaintiffs two weeks after discovery closed** and only after Nationwide's original [131] Motion to Strike was fully briefed.[1]

---

[1] This untimely production of over 1,000 pages of new documentary evidence is the basis of Nationwide's [213] Motion for Sanctions and [214] Memorandum Brief in support thereof, which were filed the evening before the Court entered its Order denying Nationwide's Motion to Strike. For purposes of judicial efficiency, Nationwide incorporates and reasserts by reference, as if fully set forth herein, all facts, exhibits, and arguments raised in its Motion for Sanctions and supporting brief.

3064098.1/09446.31688

Notably, several of these never-before-seen documents reveal that – contrary to Plaintiffs representations to the Court and their witnesses' sworn testimony – Mr. O'Leary was not compensated on an hourly basis but instead has operated, and likely continues to operate, under a **contingent fee arrangement**, in which his compensation is tied to whether or not Plaintiffs succeed in their efforts to win additional insurance proceeds from Nationwide. *See* Nationwide's Motion for Sanctions at 6-7, 9 & n.6.

2. Specifically, in their opposition to Nationwide's motion to strike Mr. O'Leary, Plaintiffs and their counsel represented to the Court that Mr. O'Leary's "compensation is paid by the Insureds on *an hourly basis*" and that "*[h]e has no direct financial stake in the outcome of this case.*" Nov. 16, 2009 Mem. in Opp. to Mot. to Strike Lewis O'Leary at 8 [Dkt. 176]) (emphasis added); *see also* July 17, 2009 Pls.' Memo in Reply to Def.'s Resp. in Opp. to Mot. for Appraisal [Dkt. 45] ("Mr. O'Leary has no stake in the outcome of this matter. His payment is in no way tied to the results of this case. His payment is the same regardless of the opinion he gives."). Mr. O'Leary and Plaintiffs' managing partner testified that Mr. O'Leary was only paid on an hourly basis. (*See* Deposition of Lewis O'Leary at 202-04 (affirming hourly wage arrangement found in report); and Deposition of Ralph Brockman at 172-73 (Q: [D]id you have a different compensation arrangement with Mr. O'leary prior to filing this lawsuit? A: No. Q: So – A: It's been the same all the way through … [T]he arrangement for payments was the same. It was by the hour.) (excerpts attached as collective Ex. 1).)

3. Contrary to these representations to the Court and sworn testimony, the **secret evidence** that Plaintiffs withheld from production until two weeks after the close of discovery – and produced then only after Nationwide filed a Motion to Compel – reveals that in fact Mr. O'Leary works for Plaintiffs on a contingent fee basis. (*See* Revised Services Agreement,

Version 1 (CH001159) (signed copy of retention agreement providing for Mr. O'Leary to receive "a total of 4% of the value of the claim") (Ex. 2); Revised Services Agreement, Version 2 (CH001160) (Ex. 3); Aug. 20, 2008 Email R. Brockman (via S. Belk) to L. O'Leary at CH001204 (attaching two versions of retention agreement and explaining changes to terms of contingent fee provision) (Ex. 4).) *See also* Jan. 29, 2008 Email L. O'Leary to R. Brockman (via S. Belk) at CH001185-86 ("I am forwarding a **separate contract** for these services which would have been performed by the Public Adjuster. … **The 2 services must remain separate for reasons Ralph and I have already discussed.**") (Ex. 5).)

4. Worse yet, Mr. O'Leary's contingency arrangement was directly related to a "***ten million [dollar] forecast***" made by Mr. O'Leary as to the amount of damages he could ultimately recover for the Plaintiffs, which is not coincidentally the same amount that Plaintiffs seek in the appraisal process. (*See* Apr. 15, 2008 Letter R. Brockman to Carriage House/Compass Pointe Investors at CH002350 (stating that Mr. O'Leary "***implies a ten million [dollar] forecast and payment of 3% of the gross to him***" for his work on "Phase II" of Plaintiffs' and Mr. O'Leary's claim strategy) (Ex. 6); Mar. 17, 2008 Email L. O'Leary to R. Brockman (via S. Belk) at CH001188 (stating that he will take on the role of a public adjuster for an advance of "0.75% of the projected amount of the claim, which is $75,000, with a balance of the fee (2.25%) being paid at the end of the claim") (Ex. 7).) Accordingly, there is now ample evidence, which was previously unavailable due to Plaintiffs' deliberate dilatory discovery tactics, to support the conclusion that Mr. O'Leary has a direct financial interest in the amount of money Plaintiffs are able to recover in this matter.

5. In light of this new evidence, Mr. O'Leary's pecuniary interest in the outcome of these proceedings dictates that he is unfit to serve as the "impartial" appraiser the insurance

policy requires. *See* Black's Law Dictionary (8th ed. 2004) (defining "impartial" as "[u]nbiased; disinterested;" and defining "disinterested" as "[f]ree from bias, prejudice, or partiality; not having a pecuniary interest"); *see also Broadhead v. Bonita Lakes Mall, Ltd. P'ship*, 702 So. 2d 92, 97 (Miss. 1997) (citing *Hill v. Thompson*, 564 So. 2d 1, 13 (Miss. 1989)) (noting that "disinterested" connotes a lack of a pecuniary interest).

6.  The Federal Rules of Civil Procedure authorize motions for reconsideration to correct manifest errors of law or fact. *See Snavely v. Nordskog Elec. Vehicles Marketeer*, 947 F. Supp. 999, 1011(S.D. Miss. 1995). A Motion to Reconsider should be granted "where the movant demonstrates: (1) intervening change in controlling law, (2) **the availability of new evidence not previously available**, or (3) the need to correct a clear error of law or to prevent injustice." *In Re Canal Breaches Consol. Litig'n*, 2008 WL 4724424, *1 (E.D. La. 2008). Furthermore, this Court "has considerable discretion in deciding whether to reopen a case," and may do so for a variety of reasons in order "to render just decisions **on the basis of all facts**." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Accordingly, this Court should reconsider its Order denying Nationwide's [131] Motion to Strike in order to consider "new evidence not previously available" and to "prevent a manifest injustice." *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 568 (5th Cir. 2003).

7.  For these reasons, Nationwide respectfully submits that circumstances exist to support reconsideration of this Court's [215] Memorandum Opinion. Accordingly, Nationwide prays that its Motion to Reconsider be granted, and that the Court re-examine its ruling in light of the new evidence produced by Plaintiffs in this matter as addressed in detail in Nationwide's Motion for Sanctions and supporting brief.

8.  Due to the nature of this Motion, in which all pertinent legal authorities have been set forth fully herein, Nationwide respectfully requests that the Court waive its requirement of a separate memorandum of authorities under L.U.Civ.R. 7.2(b)(4).

9.  In further support of its Motion, Nationwide attaches and incorporates by reference the following exhibits:

| | |
|---|---|
| Exhibit 1: | Excerpts of the depositions of Lewis O'Leary and Ralph Brockman |
| Exhibit 2: | Revised Services Agreement, Version 1 |
| Exhibit 3: | Revised Services Agreement, Version 2 |
| Exhibit 4: | Aug. 20, 2008 Email R. Brockman (via S. Belk) to L. O'Leary |
| Exhibit 5: | Jan. 29, 2008 Email L. O'Leary to R. Brockman (via S. Belk) |
| Exhibit 6: | Apr. 15, 2008 Letter R. Brockman to Carriage House/Compass Pointe Investors |
| Exhibit 7: | Mar. 17, 2008 Email L. O'Leary to R. Brockman (via S. Belk) |

WHEREFORE, PREMISES CONSIDERED, Nationwide respectfully requests that its Motion to Reconsider be granted.

THIS, the 15th day of December, 2009.

> Respectfully submitted,
>
> NATIONWIDE PROPERTY & CASUALTY
> INSURANCE COMPANY, DEFENDANT
>
> By Its Attorneys
> WATKINS LUDLAM WINTER & STENNIS, P.A.
>
> By:   */s/ Laura L. Hill*
>       LAURA L. HILL
>       lhill@watkinsludlam.com

H. Mitchell Cowan (MSB No.7734)
Laura Limerick Gibbes (MSB No. 8905)
F. Hall Bailey (MSB No. 1688)
Janet D. McMurtray (MSB No. 2774)
Christopher R. Shaw (MSB No. 100393)
Laura L. Hill (MSB No. 102247)
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, MS 39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804

Of Counsel:
Daniel F. Attridge, P.C. (Bar No. 44644)
Christian D.H. Schultz (Bar. No. 44747)
Robert B. Gilmore (Bar No. 44997)
Kate S. O'Scannlain (Bar No. 45034)
Jeffrey A. Todd (Bar No. 45916)
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Suite 1200
Washington, DC 20005
Tel:  (202) 879-5000
Fax: (202) 879-5200

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing using the Court's ECF system, which sent electronic notification of such filing to:

>Nathan M. Gaudet
>Matthew K. Brown
>SULLIVAN, STOLIER AND RESOR, APLC
>909 Poydras Street, Suite 2600
>New Orleans , LA 70112
>504/561-1044
>Fax: 504/561-8606
>ngaudet@ssrlawfirm.com
>mbrown@ssrlawfirm.com

This the 15th day of December, 2009.

>By:  */s/ Laura L. Hill*
>LAURA L. HILL
>lhill@watkinsludlam.com