IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SUNQUEST PROPERTIES, INC. and
CARRIAGE HOUSE APARTMENTS
PARTNERSHIP,                                                                                PLAINTIFFS

v.                                                           Civil Action No. 1:08-CV-687-LTS-RHW

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY
and JOHN DOES 1-5,                                                                      DEFENDANTS

**NATIONWIDE'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE AUGUST 18, 2009 ORDER OF THE COURT**

Due to motions currently pending before the Court — including, not insignificantly, a Motion for Sanctions relating to Plaintiffs' misrepresentations to the Court about Mr. O'Leary's work for Plaintiffs as a litigation expert and "impartial" appraiser — Plaintiffs' present Motion is premature and not ripe for adjudication. Defendant Nationwide Property and Casualty Insurance Company ("Nationwide") therefore respectfully files this Response in Opposition to Plaintiffs' Motion to Enforce August 18, 2009 Order of the Court. In support of its Response, Nationwide states the following:

1.  On August 18, 2009, the Court granted Plaintiffs' Motion for Appraisal of the Entire Loss and denied Plaintiffs' Motion for a New Trial. (Aug. 18, 2009 Order [Dkt. 80].) In the Order, the Court instructed that "[a]t this time, the parties shall merely select someone who they sponsor as a competent and impartial appraiser, and the two chosen appraisers will select an umpire. If the appraisers cannot agree on an umpire, then the parties will request this Court to appoint one." (*Id.* at 3.)

2.  In accordance with the Order, Nationwide duly selected Mr. David Horton as their appraiser and Plaintiffs likewise selected Mr. Lewis O'Leary as their appraiser. The two appraisers then sought to select an umpire. After the appraisers reached impasse, consistent with

the Order, both parties moved the Court to select an umpire. (Oct. 2, 2009 Mot. to Appoint Umpire [Dkt. 94]; Oct. 22, 2009 Resp. in Opp. to Pls.' Mot. to Appoint Umpire and Cross Mot. to Appoint Umpire Nominated by Nationwide [Dkt. 129].) To date, the Court has yet to appoint an umpire.

3. Next, on October 22, 2009, for reasons fully explained in the briefing, Nationwide filed a Motion to Strike Lewis O'Leary as Plaintiffs' "Competent and Impartial" Appraiser. (Oct. 22, 2009 Mot. to Strike Lewis O'Leary as Pls.' "Competent and Impartial" Appraiser [Dkt. 131].) Plaintiffs filed their Response in Opposition on November 6, 2009 and Nationwide filed its Reply in Support of its Motion on November 16, 2009. (Nov. 6, 2009 Mem. in Opp. to Mot. to Strike Lewis O'Leary [Dkt. 176]; Nov. 16, 2009 Reply in Supp. of NW's Mot. to Strike Lewis O'Leary as Pls.' "Competent and Impartial" Appraiser [Dkt. 193].)

4. On December 11, 2009, the Court denied Nationwide's Motion in part because there was "no evidence in the record to support a finding that O'Leary has any pecuniary interest in the outcome of the appraisal." (Dec. 11, 2009 Mem. Op. at 3 [Dkt. 215].)

5. Then, in light of several pieces of new evidence produced by Plaintiffs only after Nationwide's original Motion to Strike was fully briefed — evidence which demonstrated that contrary to Plaintiffs' representations to the Court and deposition testimony that Mr. O'Leary operated under a contingent fee arrangement — Nationwide filed a Motion to Reconsider Order Denying Nationwide's Motion to Strike Plaintiff's Designation of Lewis O'Leary As Their Appraiser on December 15, 2009. (Dec. 15, 2009 Motion to Reconsider [Dkt. 224].) Mr. O'Leary and Sunquest representative Ralph Brockman have now expressly admitted the falsity of their prior testimony and Plaintiffs' representations to the Court, acknowledging not only that ***Mr. O'Leary was operating under a contingency fee arrangement at the time that he created his estimates and expert report in this litigation***, but that the arrangement was changed in

September 2009 just prior to Mr. O'Leary's deposition when Plaintiffs' counsel advised it was "not legal," and Mr. Brockman admitted that he previously lied under oath when he falsely professed that he only paid Mr. O'Leary on an hourly basis. (*See* Jan. 19, 2010 Deposition of Ralph Brockman, *Sunquest Properties, Inc. & Compass Pointe Apartments Partnership v. Nationwide Prop. and Cas. Ins. Co.*, 1:08-CV-692-LTS-RHW, at 37, 40, 57 (explaining that O'Leary had a 4% contingency agreement until September 2009 and admitting prior testimony was "untrue") (Ex. 1)[1]; Jan. 15, 2010 Deposition of Lewis O'Leary, *Compass Pointe*, at 237-38, 240, 245, 255 (discussing terms of contract and Plaintiffs' counsel's September 2009 advice that contingency agreement was "not legal") (Ex. 2). To date, the Court has yet to rule on Nationwide's Motion for Reconsideration.

      6.    On December 10, 2009, Nationwide filed a Motion for Sanctions against Plaintiffs. (Dec. 10, 2009 Mot. for Sanctions [Dkt. 213].) Among the categories of relief sought, Nationwide requested that the Court sanction Plaintiffs for their discovery abuses and misrepresentations to the Court — the extent of which have only become apparent in the past week of deposition discovery in the Compass Point litigation — seeking to preclude Plaintiffs from pursuing appraisal or in the alternative from using Mr. O'Leary as their designated appraiser. To date, the Court has yet to rule on Nationwide's Motion for Sanctions.

      7.    Consequently, Plaintiffs' Motion to Enforce the August 18, 2009 Order of the Court is premature and not ripe for adjudication. To be clear, Nationwide fully intends to comply with the Court's August 18, 2009 Order should the Court not grant its Motion to Reconsider or its Motion for Sanctions. However, until Mr. O'Leary's fitness to serve as Plaintiffs' competent and impartial appraiser is fully resolved — and until the Court decides

---

[1]    Nationwide has yet to receive the final version of Mr. Brockman's deposition from the court reporter, and therefore attaches the rough version to this pleading.

3

whether revocation of the appraisal process is an appropriate sanction in light of Plaintiffs' discovery abuses — the appraisal cannot proceed.

8.      Finally, as reflected in the Court's December 11, 2009 Order, even if the appraisal goes forward and the appraisers are established, the parties await guidance from the Court regarding an umpire who will resolve any disputes between the appraisers. (Dec. 11, 2009 Mem. Op. at 1.)

For the foregoing reasons, Nationwide respectfully requests that this Court deny Plaintiffs' Motion to Enforce August 18, 2009 Order of the Court.

THIS, the 22nd day of January, 2010.

                Respectfully submitted,

                NATIONWIDE PROPERTY AND CASUALTY
                INSURANCE COMPANY, DEFENDANT

                By Its Attorneys
                WATKINS LUDLAM WINTER & STENNIS, P.A.

                By:   */s/ Laura L. Hill*
                      LAURA L. HILL
                      lhill@watkinsludlam.com

H. Mitchell Cowan (MSB No.7734)
Laura Limerick Gibbes (MSB No. 8905)
F. Hall Bailey (MSB No. 1688)
Janet D. McMurtray (MSB No. 2774)
Christopher R. Shaw (MSB No. 100393)
Laura L. Hill (MSB No. 102247)
W<span style="font-variant:small-caps">ATKINS</span> L<span style="font-variant:small-caps">UDLAM</span> W<span style="font-variant:small-caps">INTER</span> & S<span style="font-variant:small-caps">TENNIS</span>, P.A.
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, MS  39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804

Of Counsel:
Daniel F. Attridge, P.C. (Bar No. 44644)
Thomas A. Clare, P.C. (Bar No. 44718)
Christian D. H. Schultz (Bar No. 44747)
Robert B. Gilmore (Bar No. 44997)
Kate S. O'Scannlain (Bar No. 45034)
Jeffrey A. Todd (Bar No. 45916)
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Suite 1200
Washington, DC 20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing using the Court's ECF system, which sent electronic notification of such filing to:

>Nathan M. Gaudet
>Matthew K. Brown
>SULLIVAN, STOLIER AND RESOR, APLC
>909 Poydras Street, Suite 2600
>New Orleans , LA 70112
>504/561-1044
>Fax: 504/561-8606
>ngaudet@ssrlawfirm.com
>mbrown@ssrlawfirm.com

This the 22nd day of January, 2010.

>By:   */s/ Laura L. Hill*
>      LAURA L. HILL
>      lhill@watkinsludlam.com