## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

SUNQUEST PROPERTIES, INC. and
CARRIAGE HOUSE APARTMENTS
PARTNERSHIP,                                                                          PLAINTIFFS

v.                                                          Civil Action No. 1:08-CV-687-LTS-RHW

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY
and JOHN DOES 1-5,                                                               DEFENDANTS

### NATIONWIDE'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION TO SET A STATUS CONFERENCE

Plaintiffs' motion asks the Court to do what the law does not require – preclude the parties from having legal representation present to observe meetings between party-appointed appraisers and the appraisal umpire.  Neither the insurance policy that provides for appraisal, nor this Court's order directing the parties to participate in the appraisal process, nor any other Mississippi statute, law, or court decision supports Plaintiffs' position.  Indeed, Plaintiffs' sole support for the recovery they seek is an unpublished order from one of their counsel's own cases in another jurisdiction, yet Plaintiffs tellingly fail to advise the Court of examples from other jurisdictions of attorneys attending and participating in appraisal panels meetings.  Here, Nationwide's counsel plans to attend and observe the discussions at the initial meeting, and does not plan to make any presentations, put on evidence, or participate in this first meeting in any way that will affect the panel's deliberations.[1]  Plaintiffs themselves have blurred the line between the litigation and appraisal processes by choosing Lewis O'Leary to serve not only as

---

[1]    The appraisal umpire has indicated that at subsequent appraisal meetings he intends to interview witnesses and hear evidence relating to the alleged damage at Plaintiffs' property.  Considering the role played by Mr. O'Leary as not only Plaintiffs' appraiser but also their claims handling and litigation strategist, as well as their contingent-fee-compensated litigation expert – roles that Nationwide continues to believe preclude Mr. O'Leary's involvement in the appraisal process – Nationwide intends to have counsel present at such future meetings and activities.

their "competent and impartial" appraiser but also as their improperly-compensated, contingent-fee litigation consultant and designated expert witness in this case. For the reasons explained below, Nationwide believes that a status conference is unnecessary; however, Nationwide will participate if the Court determines that such a conference is appropriate.

1.     The appraisal process is governed by the plain language of Nationwide's insurance policy, which states:

> If we and you disagree on the amount of loss, either party may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

2.     As is evident from the above passage, the appraisal provision in Nationwide's insurance policy does not contain any language that can be interpreted to exclude attorneys from merely attending or observing the appraisal proceedings.

3.     As the Court is well aware, Mr. O'Leary wears a number of hats in this dispute including litigation consultant, claims consultant, appraiser, and litigation expert witness to name a few – again, working at all relevant times under a contingent-fee arrangement that compromises his impartiality and precludes his involvement in the appraisal. Plaintiffs' decision to appoint Mr. O'Leary as their "competent and impartial" appraiser belies their very position that "[t]he appraisal panel is required to be impartial." (Feb. 24, 2010 Pls.' Emergency Mot. to Set Status Conference [Dkt. 250] at 3.) His presence, in actuality, does significantly more harm to the impartiality of the panel than any attorney acting as a passive observer, regardless of his affiliation. Nationwide's counsel's mere presence in the room does not present any risk of attorney participation or undue influence.

4.     In fact, Plaintiffs' counsel also is free to attend the meetings to ensure that all sides comply with the spirit of impartiality. With the proceedings open to attorneys from both

sides, neither of whom may participate, there is simply no danger of undue influence or a particular advantage to either party.

5.     Plaintiffs have yet to explain how Nationwide's counsel's mere presence will affect the panel's deliberations.  Frankly, the lengths Plaintiffs have gone to prevent counsel's presence at such meetings is in and of itself troubling.  Nationwide does not understand the appraisal process to be the proverbial backroom, smoke and mirrors type of discussion.

6.     Finally, an unpublished order from Louisiana is neither relevant nor binding in this case, where Mississippi law controls and nothing in Mississippi statutes or case law prevents counsel from attending the meetings of party-appointed appraisers and an appraisal umpire.  Further, notwithstanding Plaintiffs' misplaced reliance on the Louisiana order, there are several examples of attorneys attending "appraisal panel" meetings and hearings as a regular practice.  *See, e.g., Devonwood Condo. Owners Ass'n v. Farmers Ins. Exch.*, 77 Cal. Rptr. 3d 88, 89-90 (Cal Ct. App. 2008) (applying appraisal award issued by *impartial* appraisers after the appraisers held hearings and considered evidence, with attorneys present) (emphasis added); *Emmons v. Lake States Ins. Co.*, 484 N.W.2d 712, 715 (Mich. Ct. App. 1992) (holding that the umpire's alleged misconduct in attempting to exclude an attorney from the appraisal meetings did not invalidate the appraisal proceedings because attorney did indeed "[*attend*] *the appraisal meeting, and it proceeded as scheduled*") (emphasis added).

7.     In short, Mississippi law does not preclude attorneys from attending appraisal hearings and Plaintiffs cannot point to any language in the governing policy provision that supports their position.  Notably, Plaintiffs cannot identify any potential prejudice they may suffer by the mere presence of Nationwide's counsel, especially considering the fact that Plaintiffs' attorneys are free to attend as well.  The only interested party participating in the meeting is Plaintiffs' contingent-fee compensated appraiser, litigation consultant, and litigation expert witness, Mr. O'Leary.  Under these circumstances there is simply no basis for Plaintiffs

to infer that counsel's presence will interfere with the proceedings. The meetings should continue as planned, with counsel merely observing the discussions.

       8.    For each of the foregoing reasons, Nationwide submits that Plaintiffs' Emergency Motion to Set Status Conference is unsubstantiated and therefore unnecessary. Based on the nature of Plaintiffs' motion, and Nationwide's response setting forth all pertinent authority, Nationwide respectfully requests that the Court waive its usual requirement of a separate memorandum of authorities under Uniform Local Rule 7.2(D).

       WHEREFORE PREMISES CONSIDERED, Nationwide prays that Plaintiffs' Emergency Motion to Set Status Conference be denied as unnecessary.

       THIS, the 26th day of February, 2010.

       Respectfully submitted,

       NATIONWIDE PROPERTY & CASUALTY
       INSURANCE COMPANY, DEFENDANT

       By Its Attorneys
       WATKINS LUDLAM WINTER & STENNIS, P.A.
       By:    /s/ Laura L. Hill
           LAURA L. HILL
           lhill@watkinsludlam.com

H. Mitchell Cowan (MSB No. 7734)
Laura Limerick Gibbes (MSB No. 8905)
F. Hall Bailey (MSB No. 1688)
Janet D. McMurtray (MSB No. 2774)
Christopher R. Shaw (MSB No. 100393)
Laura L. Hill (MSB No. 102247)
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, MS 39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804

Of Counsel:
Daniel F. Attridge, P.C. (Bar No. 44644)
Thomas A. Clare, P.C. (Bar No. 44718)
Christian D. H. Schultz (Bar No. 44747)

Robert B. Gilmore (Bar No. 44997)
Kate S. O'Scannlain (Bar No. 45034)
Jeffrey A. Todd (Bar No. 45916)
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Suite 1200
Washington, DC 20005
Telephone:  (202) 879-5000
Facsimile: (202) 879-5200

Case 1:08-cv-00687-LTS-RHW    Document 251    Filed 02/26/2010    Page 5 of 6

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing using the Court's ECF system, which sent electronic notification of such filing to:

>   Nathan M. Gaudet
>   Matthew K. Brown
>   SULLIVAN, STOLIER AND RESOR, APLC
>   909 Poydras Street, Suite 2600
>   New Orleans , LA 70112
>   504/561-1044
>   Fax: 504/561-8606
>   ngaudet@ssrlawfirm.com
>   mbrown@ssrlawfirm.com

This the 26th day of February, 2010.


                    By:   */s/ Laura L. Hill*
                          LAURA L. HILL
                          lhill@watkinsludlam.com

6