UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SUNQUEST PROPERTIES, INC.                                              PLAINTIFFS
AND CARRIAGE HOUSE APARTMENTS PARTNERSHIP

V.                                               CIVIL ACTION NO. 1:08cv687-LTS-RHW

NATIONWIDE PROPERTY AND CASUALTY COMPANY                 DEFENDANTS
AND JOHN DOES 1-5

**ORDER**

Defendant Nationwide Property and Casualty Company (Nationwide) asks [224] this Court to reconsider its [216] Order denying Nationwide's [131] Motion to Strike Plaintiffs' designation of Lewis O'Leary as their appraiser. While the current [224] motion was pending, the Court [244] (as corrected by [245]) appointed an umpire to serve in the appraisal process and established a schedule for the appraisal. The present order will dispose of the following: Nationwide's [224] Motion to Reconsider, as well as its [213] Motion for Sanctions (and related [241] Motion to File Supplemental Reply); and Plaintiffs' [243] Motion to File Supplemental Sur-rebuttal in opposition to the motion for sanctions and their [232] Motion to Enforce Judgment Ordering Appraisal.

"The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*." *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Nationwide cites the availability of new evidence not previously available (Fed. R. Civ. P. 60) in support of the relief it requests.

The "new evidence" Nationwide relies upon is contained in supplemental discovery responses submitted by Plaintiffs (which is also a part of Nationwide's [213] Motion for Sanctions, discussed *infra*). Nationwide would have this Court draw inference upon inference to now find that Plaintiffs' chosen appraiser has a pecuniary interest in the outcome of the litigation or the appraisal.

However the payment arrangement between Plaintiffs and O'Leary is labeled or described (whether as hourly or subject to a maximum amount), the Court remains convinced that O'Leary is a disinterested appraiser, even while serving as Plaintiffs' retained expert on the issue of covered damages. *See* docket entry [215]. The Court has made it abundantly clear on numerous occasions that the appraisal process is to determine the total loss (from all causes) sustained by the insured property during Hurricane Katrina. *See* docket entries [32], [64], [80], and [245]. The evidence in the record does not contravene the Court's findings that O'Leary is disinterested and that his compensation for services rendered in this matter (for which payments have been

made periodically) is not contingent on the outcome of this cause of action, much less the outcome of the appraisal.  The appraisal will not establish Plaintiffs' entitlement to damages for covered losses under the subject insurance policy.  Nationwide's "motion to reconsider" is not well taken.

Nationwide's [213] Motion for Sanctions incongruously demands a range of punishment against Plaintiffs (with dismissal of the cause of action as the most severe) for withholding documents during the initial discovery process, while using that very same material supplied by Plaintiffs in supplemental responses to principally support the [224] Motion to Reconsider, which the Court has found to be without merit.  This confirms the Court's ruling ([244] and [245]) that the appraisal process can proceed.  Dismissing the action, precluding Plaintiffs from pursuing appraisal, and disqualifying O'Leary as Plaintiffs' appraiser are not warranted under Fed. R. Civ. P. 37.  Nationwide's motion for sanctions will be denied.  The Court will address the allowance of further discovery by separate order.

For the purposes of a complete record, Nationwide and Plaintiffs will be allowed to supplement their respective materials in support of and in opposition to the [213] sanctions motion.  Finally, by virtue of the Court's orders regarding appraisal, Plaintiffs' [232] Motion to Enforce Judgment Ordering Appraisal is moot.

Accordingly, **IT IS ORDERED**:

Nationwide's [224] Motion to Reconsider the Court's Order [216] Denying Nationwide's [131] Motion to Strike Lewis O'Leary as Plaintiffs' Appraiser is **DENIED**;

Nationwide's [213] Motion for Sanctions is **DENIED**;

Nationwide's [241] Motion to File Supplemental Reply with respect to its [213] motion for sanctions is **GRANTED** (there is no need to re-file same, as the supplemental reply is already a part of the record);

Plaintiffs' [243] Motion to File Supplemental Sur-rebuttal in opposition to the motion for sanctions is **GRANTED** (there is no need to re-file same, as the supplemental sur-rebuttal is already a part of the record);

Plaintiffs' [232] Motion to Enforce Judgment Ordering Appraisal is **MOOT**.

**SO ORDERED** this the 26th day of February, 2010.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE