# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**SUNQUEST PROPERTIES, INC. AND**                      **PLAINTIFFS**
**CARRIAGE HOUSE APARTMENTS PARTNERSHIP**

**V.**                     **CIVIL ACTION NO.1:08CV687 LTS-RHW**

**NATIONWIDE PROPERTY AND CASUALTY**          **DEFENDANTS**
**INSURANCE COMPANY AND JOHN DOES 1-5**

## ORDER ON MOTIONS CONCERNING EXPERT WITNESSES

In accordance with the Memorandum Opinion I have this day signed, it is hereby

**ORDERED**

That Nationwide Property and Casualty Insurance Company's motion [217] to strike John Myers's expert report is **GRANTED**, and Plaintiffs will not be allowed to call John Myers as an expert witness;

That Plaintiffs' motion [201] to allow supplementation of the report of their expert Lewis O'Leary is **GRANTED**. Nationwide Property and Casualty Insurance Company's motion [194] to preclude the testimony of Lewis O'Leary and its motion [246] to strike Plaintiffs' expert's supplemental materials are **DENIED**. I will allow O'Leary (and the Nationwide damage expert if he chooses) fourteen days following the confection of the final appraisal report to supplement his opinions concerning the extent of the covered loss, and I will permit his consultant, Jerry Wiggins, to reconsider and supplement his own findings during this same time period should he wish to do so. I will allow an additional thirty days within which Nationwide may take these witnesses' depositions concerning the supplementation of their opinion and the basis for that supplementation. Should any of Nationwide's expert witnesses wish to supplement their opinions in light of the facts established during the discovery process, such supplementation (and subsequent deposition opportunities) shall be allowed on this same schedule;

That Nationwide Property and Casualty Insurance Company's motion [222] to strike Lewis O'Leary as an expert witness on behalf of Plaintiffs is **DENIED**. Pending the completion of discovery, the Court **DEFERS** the decision whether to schedule a formal hearing to ascertain whether Lewis O'Leary's qualifications and the methods he followed in formulating his expert opinions meet the standards established by the holding in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993);

That Plaintiffs' motion for leave to file a sur-rebuttal brief [242] is **DENIED AS MOOT**, and Nationwide's motion [238] to strike Plaintiffs' three rebuttal memoranda [210] [231] [236] is also **DENIED AS MOOT**.

**SO ORDERED** this 26th day of February, 2010.

s/ <u>L. T. Senter, Jr.</u>
L. T. SENTER, JR.
SENIOR JUDGE