UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SUNQUEST PROPERTIES, INC.                                                             PLAINTIFFS
AND CARRIAGE HOUSE APARTMENTS PARTNERSHIP

V.                                                            CIVIL ACTION NO. 1:08cv687-LTS-RHW

NATIONWIDE PROPERTY AND CASUALTY COMPANY                      DEFENDANTS
AND JOHN DOES 1-5

## ORDER

Plaintiffs have filed an [250] Emergency Motion to Set Status Conference, which is related to the appraisal to be conducted in this cause of action. Attached to the motion is an e-mail indicating that one of Defendant's counsel "will be present at Monday and Tuesday's appraisal meetings. His intent is not to participate nor ask questions–but rather to observe the process and discussions." Plaintiffs object to the presence of counsel (or participation in any manner) during any part of the appraisal process.

The insurance policy in the instant case contains the following provision:

> E.  PROPERTY LOSS CONDITIONS
>
> * * *
>
> 2. Appraisal
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a.  Pay its chosen appraiser; and
>
> b.  Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

Also attached to Plaintiffs' current motion is an order entered by United States District Judge Sarah S. Vance of the United States District Court of the Eastern District of Louisiana. This Court agrees with Judge Vance's finding "that the purpose of the appraisal provision would be seriously compromised by counsel's participation in the appraisal process." The same conclusion applies even if "participation" is limited to "observ[ing] the process and discussions."

Accordingly, **IT IS ORDERED**:

Plaintiffs' [250] Emergency Motion to Set Status Conference is **DENIED**;

Counsel for any party shall not participate or be present in any manner during the appraisal panel's hearings, meetings, or deliberations;

The only participants in the appraisal process shall be the two appraisers and the umpire.

**SO ORDERED** this the 26th day of February, 2010.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE